IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | *U: 10CV 168-M-S* |
| IPS INDUSTRIES, INC. d/b/a SPECTRUM PLASTICS, INC. d/b/a SPECTRUM BAGS, INC. | ) ) ) ) | **C O M P L A I N T** |
| Defendant. | ) ) | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Dana Murray, Brittany Beard, Cynthia Murphy, and other female employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs 8, 10, 12, 14, and 16 below, the Equal Employment Opportunity Commission alleges that Spectrum Bags, Inc. subjected these women to unlawful sexual harassment, and then retaliated against Ms. Beard and Ms. Murphy for complaining about the harassment by terminating their employment.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Delta Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000-5(f)(1) and (3).

4.     At all relevant times, Defendant Spectrum Bags, Inc. ("Employer"), has continuously been a foreign corporation doing business as Spectrum Bags, Inc., in the State of Mississippi and the City of Southaven, and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).   Defendant Employer is a global manufacturer of printed bags for use in retail stores, restaurants, supermarkets, and for industrial applications.

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Dana Murray and Brittany Beard filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least approximately August 2008, Defendant Employer has engaged in unlawful employment practices at its facility located at 8990 Commerce Drive, Suite 103, in

Southaven, Mississippi in violation of Sections 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

8.     The unlawful employment practices involved subjecting Ms. Dana Murray to unwelcome sexual harassment because of her sex, female.

a.     Ms. Murray, an employee of Working Solutions, a temporary agency, was placed on a work assignment at Defendant Employer's Southaven warehouse in August 2008.

b.     She worked as an Office Clerk, and was supervised by Mr. James Calhoun, the Warehouse Manager.

c.     Mr. Calhoun began sexually harassing Ms. Murray immediately upon her arrival at Defendant's warehouse.

d.     Ms. Murray witnessed Mr. Calhoun watching pornography on his computer. She felt disgusted and left his office.

e.     Mr. Calhoun also showed Ms. Murray and other employees a picture of a man's genitals on his cell phone.

f.     Mr. Calhoun would make inappropriate sexual comments to Ms. Murray such as, "What kind of [sexual] positions do you and your husband enjoy," and "How often do you and your husband have sex?"

g.     Mr. Calhoun would make inappropriate comments about women who came into the warehouse such as, "Man I could fuck the hell out of her."

h.     Mr. Calhoun also touched Ms. Murray inappropriately, including grabbing her waist from behind, putting his hand on her back, touching her legs, and spanking her butt.

i.     On one occasion, Mr. Calhoun tried to kiss Ms. Murray on the lips, but she

turned her head and he ended up kissing her cheek.

     j.     The unwelcome sexual harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Ms. Murray's employment and to create a sexually hostile work environment.

     k.     In approximately February 2009, Ms. Murray complained to Working Solutions about the sexual harassment, at which time the temporary agency agreed to investigate and resolve the matter.

     l.     Around March 2009, Working Solutions approached Mr. Calhoun about the sexual harassment complaints and asked him to cease the behavior. The harassment continued.

     m.     Around May 2009, Ms. Murray went on medical leave.

     n.     While on leave, Mr. Calhoun terminated Ms. Murray's employment on or about May 5, 2009.

     o.     In June 2009, Ms. Murray's doctor released her to go back to work, at which time she went to Working Solutions and expressed a desire to return to Defendant Employer's warehouse and resume her duties.

     p.     Defendant Employer would not allow Ms. Murray to return to work.

     q.     On June 15, 2009, Mr. Calhoun called Ms. Murray and requested that she come to the Defendant Employer's warehouse to discuss job reinstatement. When she arrived in his office, he asked to rub her legs. She refused.

     r.     On June 19, 2009, Ms. Murray received a text message from Mr. Calhoun denying her job reinstatement.

     s.     Ms. Murray filed Charge No. 490-2009-02200 with the Commission on

June 22, 2009, alleging discrimination based on her sex, female.

       t.      Defendant Employer suspended Mr. Calhoun on June 26, 2009, completed an investigation, and terminated him on July 19, 2009.

       u.      The effect of the practices complained of in paragraph 8 (a)-(r) has been to deprive Ms. Murray of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

       v.      Defendant Employer is strictly liable for the sexual harassment of Ms. Murray because of Mr. Calhoun's status as Manager at Defendant Employer's warehouse.

    9.      Since at least approximately November 2008, Defendant Employer has engaged in unlawful employment practices at its facility located at 8990 Commerce Drive, Suite 103, in Southaven, Mississippi in violation of Sections 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

    10.    The unlawful employment practices involved subjecting Ms. Brittany Beard to unwelcome sexual harassment because of her sex, female.

       a.      Ms. Beard applied to work at Spectrum Bags through Working Solutions upon the request and encouragement of Mr. Calhoun, whom she had met at her prior job. He was a customer at the retail store in which she previously worked, and he told her she could make $10.00 per hour at Defendant Employer's Southaven warehouse versus the $7.00 she was making.

       b.      Ms. Beard was hired as an employee of Working Solutions, and was placed on a work assignment at Defendant Employer's warehouse in November 2008.

       c.      Ms. Beard worked as a Shipping Clerk under the supervision of Mr. Calhoun.

d.      After she began her employment at Defendant Employer's warehouse, Mr. Calhoun told her that he was her "guardian angel."

e.      Mr. Calhoun frequently sent Ms Beard inappropriate text messages, calling her "baby," inviting her to meet him after work hours, and asking if he could rub on her.

f.      Mr. Calhoun also touched Ms. Beard inappropriately, including smacking her on the butt.

g.      The unwelcome sexual harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Ms. Beard's employment and to create a sexually hostile work environment.

h.      The effect of the practices complained of in paragraph 10 (a)-(g) has been to deprive Ms. Beard of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

i.      Defendant Employer is strictly liable for the sexual harassment of Ms. Beard because of Mr. Calhoun's status as Manager at Defendant Employer's warehouse.

11.     Since at least approximately June 2009, Defendant Employer has engaged in unlawful employment practices at its facility located at 8990 Commerce Drive, Suite 103, in Southaven, Mississippi in violation of Sections 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

12.     The unlawful employment practices involved subjecting Ms. Brittany Beard to retaliation by terminating her employment.

a.      On June 12, 2009, Ms. Beard's car broke down, so she sent Mr. Calhoun a text message explaining that she could not make it to work. Mr. Calhoun made clear that she should show up if she was interested in keeping her job. Ms. Beard expressed

6

dissatisfaction with his management style, particularly the way he touched her and other female employees. Mr. Calhoun denied ever touching her and fired her.

      b.     Ms. Beard's separation notice says that her employment ended on June 12, 2009, for lack of work.

      c.     The same day, Ms. Beard submitted a written sexual harassment complaint to Working Solutions.

      d.     The effect of the practices complained of in paragraph 11 (a)-(c) has been to deprive Ms. Beard of equal employment opportunities and to otherwise adversely affect her employment in retaliation for complaining about the unlawful employment practices.

      e.     Brittany Beard filed Charge No. 490-2009-02174 with the Commission on June 17, 2008, alleging discrimination based on her sex and retaliation.

13.     Since at least approximately August 2008, Defendant Employer has engaged in unlawful employment practices at its facility located at 8990 Commerce Drive, Suite 103, in Southaven, Mississippi in violation of Sections 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

14.     The unlawful employment practices involved subjecting Ms. Cynthia Murphy to unwelcome sexual harassment because of her sex, female.

      a.     Ms. Murphy, another female employed by Working Solutions, also worked under the supervision of Mr. Calhoun at Defendant Employer's Southaven warehouse beginning in August 2008.

      b.     Mr. Calhoun began sexually harassing Ms. Murphy upon her arrival.

      c.     Many times, Mr. Calhoun asked Ms. Murphy what sexual positions she preferred.

d. On one occasion, Mr. Calhoun flicked his tongue out in a sexual nature while looking at Ms. Murphy's genital region and said, "I'll change your timecard if you let me do this."

e. Mr. Calhoun showed Ms. Murphy photographs on a digital slide of women with whom he claimed to have sex.

f. Mr. Calhoun would talk about his penis size on a regular basis.

g. Mr. Calhoun would also rub his body against Ms. Murphy and other female employees. Ms. Murphy asked him to back up, and once he responded by saying, "You know you want some of this big chocolate," and he shook his genitals.

h. At some point during Ms. Murphy's employment, Defendant Employer's sexual harassment policy was posted on the company bulletin board in the break room, but Mr. Calhoun removed the posting and put his own phone number on the board so that employees would contact him with any complaints instead of the corporate office.

i. The unwelcome sexual harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Ms. Murphy's employment and to create a sexually hostile work environment.

j. The effect of the practices complained of in paragraph 14 (a)-(i) has been to deprive Ms. Murphy of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

k. Defendant Employer is strictly liable for the sexual harassment of Ms. Murphy because of Mr. Calhoun's status as Manager at Defendant Employer's warehouse.

15. Since at least approximately February 2009 Defendant Employer has engaged in

unlawful employment practices at its facility located at 8990 Commerce Drive, Suite 103, in Southaven, Mississippi in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

      16.    The unlawful employment practices involved subjecting Ms. Cynthia Murphy to retaliation by terminating her employment.

      a.    Ms. Murphy complained to Working Solutions about the sexual harassment in February 2009.

      b.    Also in February 2009, Ms. Murphy phoned Defendant Employer's Vice-President and left a voicemail message stating that Mr. Calhoun was unfairly reducing her hours and that he was making inappropriate sexual advances toward her and the female employees.

      c.    Soon after her complaints, around February 20, 2009, Ms. Murphy's work assignment ended.

      d.    The effect of the practices complained of in paragraph 16 (a)-(c) has been to deprive Ms. Murphy of equal employment opportunities and to otherwise adversely affect her employment in retaliation for complaining about the unlawful employment practices.

      17.    The unlawful employment practices involved subjecting a class of female employees to unwelcome sexual harassment because of their sex, female.

      18.    The unlawful employment practices complained of in paragraphs 8, 10, 12, 14, and 16 were intentional.

      19.    The unlawful employment practices complained of in paragraphs 8, 10, 12, 14, and 16 above were done with malice or reckless indifference to the federally protected rights of Ms. Murray, Ms. Beard, and Ms. Murphy.

## PRAYER FOR RELIEF

**THEREFORE**, the Commission respectfully prays that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in harassment and any other employment practice which discriminates on the basis of sex, female.

B.     Order Defendant Employer to provide mandatory training regarding Title VII and its prohibition against sexual harassment to all management and non-management officials in its various facilities.

C.     Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant Employer to make whole Dana Murray, Brittany Beard, and Cynthia Murphy by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, expungement of records, and reinstating all benefits to which the class members would be entitled.

E.     Order Defendant Employer to make whole Dana Murray, Brittany Beard, and Cynthia Murphy by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 8, 10, 12, 14, and 16 above in amounts to be determined at trial.

F.     Order Defendant Employer to make whole Dana Murray, Brittany Beard, and Cynthia Murphy by providing compensation for non-pecuniary losses resulting from the

unlawful practices complained of in paragraphs 8, 10, 12, 14, and 16 above, including emotional pain, suffering, mental anguish, and humiliation, in amounts to be determined at trial.

G.     Order Defendant Employer to pay punitive damages to Dana Murray, Brittany Beard, and Cynthia Murphy for its malicious and/or reckless conduct, in amounts to be determined at trial.

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

I.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730
faye.williams@eeoc.gov

DEIDRE SMITH
Supervisory Trial Attorney
TN Bar No. 018499
deidre.smith@eeoc.gov

ANICA C. CONNER
Trial Attorney
TN Bar No. 025325
anica.conner@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Ave., Suite 901
Memphis, TN 38104
(901) 544-0087