IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

VS.                                          CIVIL ACTION NO. 2:10CV168-MPM-DAS

IPS INDUSTRIES, INC. d/b/a
SPECTRUM PLASTICS, INC. d/b/a
SPECTRUM BAGS, INC.

### ORDER

This matter is before the court on motion of the defendant to stay the litigation and order the plaintiff to engage in good faith conciliation efforts (# 3). After considering the motion and the response thereto, the court finds as follows:

### I. FACTS

On June 17, 2009, Brittany Beard filed a charge of discrimination followed by Charging Party on June 22, 2009. The defendant responded to the charges in July 2009. The EEOC conducted its on-site investigation on February 11, 2010 with defense counsel present. On July 31, 2010, the EEOC sent to the defendant its letters of determination, and on August 9 followed those letters with a conciliation agreement. The agreement demanded a total of $400,000 for four individuals. Specifically, the agreement demanded $150,000 for Dana Murray; $150,000 for Brittany Beard; $50,000 for Tiffany Bellar; and $50,000 for Cynthia Murphy. The EEOC gave the defendant ten days to accept the conciliation agreement by signing and returning the document.

Not surprisingly, before it was willing to pay $400,000, the defendant wanted more information. Specifically, on August 18, 2010, the defendant requested information related to the

amounts demanded. The defendant explained it needed information, for example, related to lost wages, medical treatment, or damages attributable to mental distress. The EEOC responded that the defendant was to "make a value judgment of this case with the information it already had in its possession." While the EEOC has made it clear that the defendant has some information related to the present action, it does not appear that the defendant has any information related to how the EEOC calculated the amount demanded. Nevertheless, on September 15, the EEOC demanded a response to the $400,000 offer.

On September 17, the defendant again asked for information related to the monetary demand. Also, defense counsel asked specifically about Tiffany Bellar, explaining that they had no information at all concerning her damages.[1] The EEOC responded with a letter, but again provided no information concerning the amounts demanded.

On September 22, the defendant yet again contacted the EEOC and again asked for specific information related to the amounts alleged in the August 9 demand letter. With this letter, the defendant also requested a face-to-face meeting, but on the next day, the EEOC failed to provide the requested information and refused to participate in such a meeting. One week later, the EEOC filed the present action, alleging that the defendant subjected the charging parties and a class of females to unlawful sexual harassment, and then retaliated against the charging parties, Brittany Beard and Cynthia Murphy, by terminating them for complaining about the

---

[1] In its response to the present motion, the EEOC explains that while the defendant claims to know nothing about Tiffany Bellar's claim, the defendant actually provided her name to the EEOC. After examining the matter, however, it is clear the defendant provided Ms. Bellar's name, along with several others, as one of the temporary workers from Working Solutions placed at the defendant's warehouse and supervised by James Calhoun. The court finds that providing Ms. Bellar's name in this fashion is not contrary to the defendant's statement that it had no information to assess the value of any settlement concerning Ms. Bellar.

alleged harassment.

## II. DISCUSSION

The EEOC has a statutory obligation to attempt conciliation with employers: "[T]he Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). The Commission may bring a civil action only if "the Commission has been unable to secure from the respondent a conciliation agreement." *Id*. at § 2000e-5(f)(1).

Conciliation is "the preferred means of achieving the objectives of Title VII," *EEOC v. Pierce Packing Co.* 669 F.2d 605, 609 (9th Cir. 1982), and is one of the "most essential functions" of the EEOC. *EEOC v. Pet, Inc., Funsten Nut Div.*, 612 F.2d 1001, 1002 (5th Cir. 1980). A good-faith attempt at conciliation requires that the EEOC: (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer. *EEOC v. Klingler Elec. Corp.* 636 F.2d 104, 107 (5th Cir. 1981).

In the present action, it is clear the EEOC did not make a good-faith attempt at conciliation. While it is clear there was *some* communication between the parties, it is equally clear that the EEOC was unwilling to provide responses to very specific requests from the defendant that were both simple and reasonable. After reading the correspondence, the court is utterly puzzled why the EEOC would not simply provide information to the defendant related to the damages sought. While the court makes no judgment as to the merits of the present action, even assuming *arguendo* that the EEOC had a strong claim, surely it would not expect a defendant to pay anything without explanation. That is not to say the defendant was completely

3

in the dark. The court is aware that the parties have communicated to an extent, and the court is aware that the defendant understands the basis of the EEOC's claim. However, the court sees conciliation as something more than simply explaining the factual underpinning of the case and providing a take- it-or-leave-it demand. Clearly, this is inappropriate. *See, e.g., EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 468 (5th Cir. 2009) ("The EEOC's take-it-or-leave-it demand for more than $150,000 represents the coercive, 'all-or-nothing approach' previously condemned by this court in *Pet, Inc.* 612 F.2d at 1002.").

Accordingly, because the defendant repeatedly requested information surely necessary to any conciliation and because the EEOC inexplicably refused to provide even this basic information, the court finds the EEOC did not respond in a reasonable and flexible manner to the reasonable attitudes of the employer. *See Klingler*, 636 F.2d at 107. The court, therefore, finds the defendant's motion is well-taken.

IT IS, THEREFORE, ORDERED that the defendant's motion to stay the litigation and order the plaintiff to engage in good faith conciliation efforts (# 3) is hereby GRANTED. This action is stayed for a period of sixty days so the parties may participate in good faith conciliation.

SO ORDERED, this the 28th day of December, 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE